**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **EDWARD LAMOYNE KING** | § | |
| | § | |
| **V.** | § | **A-15-CA-576-LY** |
| | § | |
| **WILLIAM STEPHENS,** | § | |
| **Director, Texas Dept. of Criminal Justice-** | § | |
| **Correctional Institutions Division** | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE LEE YEAKEL
         UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Respondent's Motion to Dismiss (Document 8); and Petitioner's response thereto (Document 9). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

## I.  STATEMENT OF THE CASE

**A.     Petitioner's Criminal History**

According to Respondent, the Director has custody of Petitioner pursuant to a judgment and sentence of the 26th Judicial District Court of Williamson County, Texas in cause number 10-1235-K26. Petitioner was charged with aggravated assault with a deadly weapon, and in the alternative,

continuous violence against the family, with prior felony convictions alleged for the enhancement of punishment. Petitioner was found guilty as charged of aggravated assault with a deadly weapon and sentenced to 35 years in prison.

Petitioner's conviction was affirmed. King v. State, No. 03-12-00104-CR, 2013 WL 857250 (Tex. App. – Austin Mar. 6, 2013, no pet.). Petitioner did not file a petition for discretionary review. Petitioner did file a motion for extension of time to file a petition for discretionary review, but that motion was denied. Petitioner challenged his conviction in a state application for habeas corpus filed on November 18, 2014. The Texas Court of Criminal Appeals denied it without written order on the trial court's findings without a hearing on May 20, 2015. Ex parte King, Appl. No. 83,163-01.

**B.      Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1.       His indictment was defective;

2.       His conviction is based on perjured testimony;

3.       The State failed to disclose favorable evidence;

4.       His trial counsel was ineffective for failing to object;

5.       The evidence is insufficient to support his conviction; and

6.       His is actually innocent.

## II.   DISCUSSION AND ANALYSIS

**A.      Statute of Limitations**

Respondent moves to dismiss Petitioner's application as time-barred. Federal law establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. See 28 U.S.C. § 2244(d). That section provides, in relevant part:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final, at the latest, on April 5, 2013, at the conclusion of time during which he could have filed a petition for discretionary review with the Texas Court of Criminal Appeals, which according to TEX. R. APP. R. 68.2, is 30 days following the court of appeals' judgment affirming his conviction.  Gonzalez v. Thaler, 623 F.3d 222 (5th Cir. 2010) (holding a conviction becomes final when the time for seeking further direct review in the state court expires). Therefore, Petitioner had until April 7, 2014, to timely file his federal application.[1]  Petitioner did not execute his federal application for habeas corpus relief until June 30, 2015, after the limitations period had expired.

Petitioner's state application did not operate to toll the limitations period, because it was filed on November 18, 2014, after the limitations period had already expired.  See Scott v. Johnson, 227

---

[1] April 5, 2014, was a Saturday.

F.3d 260, 263 (5th Cir. 2000) (state application for habeas corpus relief filed after limitations period expired does not toll the limitations period).

Petitioner may be asserting he is entitled to equitable tolling because he experienced vision problems in one eye due to a torn retina. The AEDPA's statute of limitations is subject to equitable tolling in proper cases. See Holland v. Florida, 560 U.S. 631, 645 (2010). "A habeas petitioner is entitled to equitable tolling only if he shows '(1) that he ha[d] been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" Mathis v. Thaler, 616 F.3d 461, 474 (5th Cir. 2010) (quoting Holland, 560 U.S. at 649) (alteration in original) (internal quotation marks omitted). Holland defines "diligence" for these purposes as "reasonable diligence, not maximum feasible diligence." 560 U.S. at 653 (internal citations and quotation marks omitted). The Fifth Circuit has repeatedly emphasized that equitable tolling is not available to "those who sleep on their rights." See, e.g., Covey v. Ark. River Co., 865 F.2d 660, 662 (5th Cir. 1989).

Although the Fifth Circuit has permitted equitable tolling in certain cases, it requires a finding of "exceptional circumstances." Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999) (finding "exceptional circumstances" in a case in which the trial court considering the petitioner's application under Section 2254 granted the petitioner several extensions of time past the AEDPA statute of limitations). The Fifth Circuit has consistently found no exceptional circumstances in other cases where petitioners faced non-routine logistical hurdles in submitting timely habeas applications. See Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000) (proceeding pro se is not a "rare and exceptional" circumstance because it is typical of those bringing a § 2254 claim); Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999) (finding no exceptional

circumstances where a petitioner did not learn of the AEDPA until 43 days after its passage and spent 17 days in an incapacitated psychiatric and medical condition inside the limitations period); Cantu-Tzin v. Johnson, 162 F.3d 295, 297 (5th Cir. 1998) (finding no exceptional circumstances where a petitioner showed "disdain for and lack of cooperation with state access-to-counsel procedures and the AEDPA deadline").  As the Fifth Circuit has pointed out, "Congress knew AEDPA would affect incarcerated individuals with limited access to outside information, yet it failed to provide any tolling based on possible delays in notice." Fisher, 174 F.3d at 714.  The Fifth Circuit explained that equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights," and noted that "excusable neglect" does not support equitable tolling. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (quoting Rashidi v. America President Lines, 96 F.3d 124, 128 (5th Cir. 1996)).

Petitioner's impaired vision does not entitle him to equitable tolling.  As noted, Petitioner experienced vision problems in one eye due to a torn retina.  He states he started to panic for fear of going blind in his other eye, and he was not in a good mental state to proceed with the law. According to Petitioner, the retina in his other eye also tore, causing him to see badly again. Petitioner asserts he had medical issues with his eyes from March 2013 to August 2014. Physical incapacity only tolls the statute of limitations if it actually prevents the sufferer from pursuing his legal rights during the limitations period.  With regard to eyesight specifically, courts have found that even blindness does not warrant equitable tolling.  See Smith v. Beightler, 49 F. App'x 579, 580 (6th Cir. 2002); Torres v. Miller, No. 99 Civ. 0580 MBM, 1999 WL 714349, at *8 (S.D.N.Y. 1999).

In this case, Petitioner has not shown his physical impairment prevented him from timely filing his federal application. Petitioner attached medical records to his response showing Petitioner first experienced the loss of vision in his right eye on March 13, 2013, before the limitations period even began. On April 18, 2013, Petitioner underwent surgery to repair his eye. At this time, only 13 days had run against the limitations period. Petitioner does not allege his vision was not restored after surgery or this brief impairment prevented him from timely filing his federal application. Moreover, even if this Court were to grant equitable tolling for those 13 days, his federal application would not be timely, as it was filed more than a year after the limitations period expired.

Petitioner also attached medical records to his response showing Petitioner had cataract surgery on his left eye on August 25, 2014. Petitioner's cataract surgery did not occur until August 25, 2014, after the limitations period had already expired. Petitioner does not allege the cataract in his left eye prevented him from timely filing his federal application. Accordingly, the Court finds equitable tolling is not warranted.

Petitioner also may be contending the untimeliness of his application should be excused, because he is actually innocent. In McQuiggin v. Perkins, 133 S. Ct. 1924 (2013), the Supreme Court held a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence" under the standard in Schlup v. Delo, 513 U.S. 298, 329 (1995). A habeas petitioner, who seeks to surmount a procedural default through a showing of "actual innocence," must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. See Schlup, 513 U.S. at 326–27 (1995); see also House v. Bell, 547 U.S. 518

6

(2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default under <u>Schlup</u>). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. <u>Bousely v. United States</u>, 523 U.S. 614, 623–624 (1998). In this case, Petitioner has made no valid attempt to show he was actually innocent of the crime for which he was convicted.

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

## III.  RECOMMENDATION

It is recommended that Respondent's Motion to Dismiss be granted and Petitioner's application for writ of habeas corpus be dismissed with prejudice as time-barred.

## IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in

Slack v. McDaniel, 529 U.S. 473, 484 (2000).  In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Id.  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed.  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack, 529 U.S. at 484).  Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## V.  OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from

appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 2nd day of October, 2015.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE